IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

**KIMBERLY C. GOODSON,**

    **Plaintiff,**

**v.**                                              **CIVIL ACTION NO. 1:05-0676**

**DEBORAH HICKEY,[1] et al.,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the following Motions: (1) Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Document No. 29.), filed on July 5, 2006; and (2) Defendants' Supplemental Motion to Dismiss, or in the Alternative, Supplement Motion for Summary Judgment (Document No. 45.), filed on August 29, 2008. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to the Defendants' Motions and submit Affidavit(s) or statements and/or other legal or factual material supporting her claims as they are challenged by the Defendants in moving for dismissal. (Document Nos. 39 and 47). Plaintiff filed a Response to the Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Document Nos. 33 and 41), but failed to file a Response to Defendants' Supplemental Motion to Dismiss, or in the

---

[1] Deborah Hickey is no longer the Warden of FPC Alderson. Amber Nelson is.

Alternative, Supplemental Motion for Summary Judgment. Having thoroughly examined the record in this case, the Court finds that the Defendants' Supplemental Motion to Dismiss, or in the Alternative, Supplemental Motion for Summary Judgment should be granted.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2005, Plaintiff acting *pro se* and formerly incarcerated at FPC Alderson,[2] in Alderson, West Virginia, filed her Complaint in this matter claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619(1971).[3] (Document No. 1.) Plaintiff's Complaint alleges that Defendants violated her rights under the Eighth Amendment of the United States Constitution by failing to provide her adequate medical care by not informing her of her diagnosis of early melanoma and for failing to provide her with proper medical care after a suspected melanoma lesion was surgically removed. Plaintiff further claims that (1) she was unable to purchase sunblock at the commissary after it was prescribed because it was not stocked in a timely fashion; (2) the BOP caused her credit

---

[2] The Bureau of Prisons' Inmate Locator indicates that Plaintiff was released from custody on April 10, 2007.

[3] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

2

problems when it did not pay her hospital bills; (3) she received inadequate medical care due to under staffing; (4) staff retaliated against her for filing administrative remedies forcing her to quit her job in the commissary warehouse after she was placed on a medical restriction, causing her to take a lower paying job as a maintenance employee; (5) she was threatened by staff not to file any administrative remedies; (6) staff made fun of her; (7) she was forced to move into a housing unit without air conditioning; (8) staff prohibited inmates from propping open the laundry room door; and (9) she requires additional surgeries because of suspicious skin lesions. Plaintiff states that she has exhausted all of her administrative remedies with respect to the issues raised in her Complaint and requests that she be permitted to serve the remainder of her sentence on home confinement.

On September 19, 2005, Plaintiff wrote the Court and enclosed copies of her administrative remedy requests which she filed with respect to her medical treatment for injuries to her eyes at FPC Alderson and a letter from Penny LeClaire, an inmate at FPC Alderson, who supports Plaintiff's claims that she did not self-mutilate her eyes. (Document No. 9.) On September 22, 2005, Plaintiff submitted a letter and a document purporting to be an Affidavit from Sonia Howe, another fellow inmate at FPC Alderson, which states that Plaintiff did not self-mutilate her eyes and that her eye condition was caused by irritation from eye drops

3

that were prescribed by the medical staff at FPC Alderson.[4] Ms. Howe further supports Plaintiff's claim that she is being retaliated against for pursuing her administrative remedies and the present lawsuit.

On October 26, 2005, Plaintiff filed with the Court a letter requesting an expedited decision to prevent further malicious misconduct by FPC Alderson staff. (Document No. 11.) Plaintiff submitted various documents including an Inmate Request to Staff requesting that the heat be turned on in her unit, medical literature, copies of her prescriptions, and copies of her administrative remedy requests and responses thereto.

On November 4, 2005, Plaintiff filed her Motion for Default Judgment against Defendants for failure to timely respond to her Complaint. (Document No. 12.) By Proposed Findings and Recommendation filed on June 23, 2006, United States Magistrate Judge R. Clarke VanDervort recommended that this Court deny Plaintiff's Motion for Default Judgment because Defendants were not required to respond to Plaintiff's Complaint at the time she filed her Motion. (Document No. 28.) By Memorandum Opinion and Order filed on July 31, 2006, this Court adopted the Proposed

---

[4] The Court notes that the document entitled "Affidavit" was not notarized. Ms. Howe states that a secretary refused to notarize the "Affidavit" until Ms. Howe's case manager reviewed the document. Ms. Howe indicates that she never sought approval from her case manager prior to submitting the document to the Court.

Findings and Recommendation and thereby denied Plaintiff's Motion. (Document No. 34.)

On December 5, 2005, Plaintiff filed a "Motion for TRO Relief, Suspension of the Administrative Remedy Process, and/or Joinder." (Document No. 13.) In support of her Motion, Plaintiff contended that Defendants are retaliating against her for filing administrative remedies and pursing the instant lawsuit. On April 21, 2006, Plaintiff filed various documents including a correspondence addressed to the Court complaining (1) that she was dispensed the wrong medication; (2) that she was threatened not to address Magistrate Judge VanDervort and his staff while touring FPC Alderson in April 2006; (3) that she was unable to bring an umbrella with her while waiting in the pill line; (4) that she should have been recognized for graduating from Bluefield State College; (5) that her release date has been changed in retaliation for filing the instant lawsuit; and (6) that FPC Alderson is overpopulated which makes it difficult for everyone to be accommodated at meal time. (Document No. 24.)

On July 5, 2006, Defendants filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment and their Response to Plaintiff's Motion for a Temporary Restraining Order and Suspension of the Administrative Remedy Process. (Document Nos. 29 - 31.) In support of their Motion to Dismiss or in the Alternative, Motion for Summary Judgment, Defendants contend that

Plaintiff failed to fully exhaust her administrative remedies with respect to all allegations raised in her Complaint. With regards to Plaintiff's Motion for a Temporary Restraining Order, Defendants argue that despite the alleged threats of retaliation for pursing the administrative remedy process, Plaintiff has continued to file administrative remedies which belies her contention that she has been intimidated. On July 11, 2006, Plaintiff filed her Response to Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment. (Document No. 33.) On September 11, 2006, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff advising her of her right to file an additional response to the Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment. (Document No. 39.)

By Proposed Findings and Recommendation filed on August 28, 2006, Magistrate Judge VanDervort recommended that the District Court deny Plaintiff's Motion for a Temporary Restraining Order and Suspension of the Administrative Remedy Process because the record failed to support Plaintiff's claim that she was subjected to retaliation and would suffer immediate harm and irreparable injury. (Document No. 36.) Magistrate Judge VanDervort determined that "it appears that Plaintiff may have filed her Motion for a Temporary Restraining Order as a tactic for avoiding exhausting her administrative remedies." (Id., p.

6

10.) By Memorandum Opinion and Order filed on October 12, 2006, this Court adopted the Proposed Findings and Recommendation and thereby denied Plaintiff's Motion. (Document No. 43.)

On September 26, 2006, Plaintiff filed an additional Response to Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment. (Document No. 41.) Plaintiff asserts that she has already responded to the Motion, but would like to include Dr. Michael Foster's summary report as supporting evidence that she did not inflict harm upon herself. Dr. Foster states the following concerning Plaintiff's September 9, 2005, Brief Counseling Session (Id., p. 6.):

> Ms. Goodson was seen for a brief session while on medical observation. She is suffering from a persistent eye infection that has been difficult for HSU to treat successfully. Dr. Rehberg, M.D., put her on observation with suspicion that Ms. Goodson may be intentionally agitating the eye to prevent healing in an attempt to be transferred to FMC LEX. Today, Ms. Goodson's mental status was within normal limits and she appeared to be psychologically stable. There was no evidence of suicidality. There was no conclusive evidence of self-harm. This examiner consulted with the HSA and Medical Director. It was determined that Ms. Goodson would stay on medical observation for the next 48 hours in order to allow the eye to heal in a controlled environment. No follow-up by Psychology Services is warranted at this time.

On August 29, 2008, Defendants filed a Supplemental Motion to Dismiss, or in the Alternative, Supplemental Motion for Summary Judgment. (Document No. 45.) In their Supplemental Motion, Defendants argue that Plaintiff's claims should be dismissed based upon the following: (1) Plaintiff's claims are

moot (Document No. 45, p. 3.); (2) Plaintiff failed to fully exhaust her administrative remedies (Id., pp. 3 - 7.); (3) Claims against the Defendants in their official capacities are barred by sovereign immunity (Id., p. 7.); (4) Verbal harassment and taunting do not give rise to a constitutional violation (Id., pp. 7 - 8.); (5) Plaintiff's conclusory allegations of retaliation do not state a claim (Id., pp. 8 - 10.); (6) Plaintiff shows no harm which resulted from any alleged unpaid hospital bills (Id., pp. 10 - 11.); (7) Plaintiff cannot establish a claim for deliberate indifference to her medical conditions (Id., pp. 11 - 15.); (8) Plaintiff has failed to establish a claim for supervisory liability (Id., pp. 15 - 17.); (9) Defendant Hickey must be dismissed due to Plaintiff's lack of specificity (Id., pp. 17 - 18.); and (10) Defendants are entitled to qualified immunity (Id., pp. 18 - 20.) On September 3, 2009, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff advising her of her right to file a response to Defendants' Supplemental Motion to Dismiss, or in the Alternative, Supplemental Motion for Summary Judgment.[5] (Document No. 47.) Plaintiff has not filed a response to Defendants' Supplemental Motion.

---

[5] A review of the docket sheet does not indicate that the Court's Order dated September 3, 2009, was returned as undeliverable.

## **THE STANDARDS**

### **Motion to Dismiss Under Rule 12(b)(6).**

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 545 2007)(internal citations omitted).  Dismissal is proper under Rule 12(b)(6) where, construing the allegations of the Complaint in a light most favorable to the Plaintiff and assuming the alleged facts to be true, it is clear as a matter of law that no relief could be granted under any set of facts which could be proven consistent with the allegations. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "'beyond doubt that

9

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), quoting Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). Where a pro se Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

### Summary Judgment.

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322-23 Generally speaking, therefore, summary judgment will be granted unless a reasonable

jury could return a verdict for the non-moving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). If no facts or inferences which can be drawn from the circumstances will support Plaintiff's claims, summary judgment is appropriate.

## **ANALYSIS**

The allegations stated in Plaintiff's Complaint of violations of her constitutional rights are cognizable under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97; See also Carlson v. Green, 446 U.S. 14 (1980) (extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n.18 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment). A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. Under Article III, Section 2 of the Constitution of the United States, the plaintiff "must have suffered, or be threatened with, an actual injury traceable

11

to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998)(quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). This case or controversy requirement means that plaintiff must continue to have a personal stake in the outcome of the civil action when the Complaint is filed and when the case is decided. Id. If at any point in the proceeding there is no actual controversy, the case must be dismissed as moot. Id. When an inmate seeking injunctive relief is released from custody, the inmate no longer maintains a "sufficient interest in the outcome of the requested relief to present a justiciable case or controversy." Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983). In general, therefore, claims for injunctive relief become moot when the inmate is no longer incarcerated because the inmate is no longer subjected to the condition of which she complained. Id.

    Having examined Plaintiff's Complaint, the Court has determined that Plaintiff challenges the conditions of her confinement at FCI Alderson. Plaintiff's release from custody, however, destroys the "case or controversy" requirement concerning her claims. Plaintiff has essentially requested only mandatory injunctive relief: that the Court order the Bureau of Prisons to release her and that she be permitted to serve the remainder of her sentence on home confinement. (Document No. 1,

p. 24.) Plaintiff's request is rendered moot by her release from custody in April, 2007. Because Plaintiff has not made a request for monetary relief, Plaintiff's Complaint in this matter should be summarily dismissed as moot. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991)(finding that inmate's transfer or release from confinement does not moot the inmate's claim for monetary damages). Accordingly, the Court finds it unnecessary to consider the other reasons which the Defendants submit for dismissal.

For reasons appearing to the court, the referral to Magistrate Judge VanDervort is **VACATED**. Based on the foregoing discussion, it is hereby **ORDERED** that the Defendants' Supplemental Motion to Dismiss, or in the Alternative Supplemental Motion for Summary Judgment (Document No. 45) is **GRANTED**, Defendants' Motion to Dismiss, or in the Alternative Motion for Summary Judgment (Document No. 29) is **DENIED as moot**, Plaintiff's Complaint be **DISMISSED** (Document No. 1), and this matter be removed from the Court's docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 30th day of March, 2010.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge